IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

YOEL GUERRA-VINALES                                                                          PETITIONER

VS.                                                             CIVIL ACTION NO. 3:23-cv-3079-DPJ-FKB

WARDEN COLBERT                                                                              RESPONDENT

## REPORT AND RECOMMENDATION

Yoel Guerra-Vinales is a federal inmate incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. He brings this habeas action under 28 U.S.C. § 2241 alleging that the Bureau of Prisons (BOP) has wrongfully denied him First Step Act credits and has failed to designate properly his immigration.

The text of § 2241 contains no exhaustion requirement; however, the Fifth Circuit has held that "a federal prisoner filing a § 2241 petition must first pursue all available administrative remedies." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012); *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). In response to the petition, Respondent has submitted the declaration of Amy Landers, a paralegal specialist for the Consolidated Legal Center at the Federal Correctional Complex in Yazoo City, Mississippi, along with documents setting forth Petitioner's administrative remedy history. [7-1]. The declaration and documents establish that Petitioner has never filed any request for an administrative remedy since he has been in BOP custody. Thus, because Petitioner's claims are unexhausted, the undersigned recommends that the petition be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and

recommendation within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  Respectfully submitted, this the 28th day of February, 2024.

                /s/ F. Keith Ball
                United States Magistrate Judge

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).